FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

FEB 19 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Geoffrey Asher, | ) |
| Plaintiff, | ) |
| vs, | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| Mark McClure, Sheriff of Lumpkin County, Georgia; Sergeant Curt Donaldson; Lieutenant Ryan Miller; Investigator Ben Nix; Deputy Sterling Cole, of the Lumpkin County Sheriff's Department; in their individual capacities, | ) 2:08-CV-0035-WCO |
| Defendants. | ) |

## COMPLAINT

COMES NOW Geoffrey Asher, Plaintiff, and brings this Complaint under 42 U.S.C. §1983 seeking damages for violations of his Fourth Amendment Rights under the United States Constitution. As more fully described below, Defendants, acting under color of law, entered and searched Plaintiff's home and vehicles without warrant, without probable cause and in the absence of any exigent circumstance. As a result of Defendants' unreasonable entry into and search of his home and vehicles in violation of the Fourth Amendment of the United States Constitution, Plaintiff files this action seeking compensatory and punitive

1

damages, as well as attorney's fees pursuant to 42 U.S.C. §1988(b), and any other relief this Honorable Court deems just.

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this Court by virtue of 42 U.S.C. §1983, 28 U.S.C. §1331, 28 U.S.C. §1343 (a)(3), 28 U.S.C. §1343 (a)(4), the Fourth Amendment of the United States Constitution and 28 U.S.C. §1391(b). The acts of defendants were under color of law. The events giving rise to this action occurred in the County of Lumpkin, State of Georgia, within the Northern District of Georgia, Gainesville Division.

## PARTIES

2.

Plaintiff Geoffrey Asher resides in Lumpkin County, Georgia and is a citizen of Lumpkin County, Georgia.

3.

Defendant Mark McClure is subject to the jurisdiction and venue of this Court, and may be found at 385 E. Main, Dahlonega, Georgia, 30522. He is sued in his individual capacity for actions taken under color of law, while he was the Sheriff of Lumpkin County, Georgia.

4.

Defendant Curt Donaldson is subject to the jurisdiction and venue of this Court, and may be found at 385 E. Main, Dahlonega, Georgia, 30522. He is sued in his individual capacity for actions taken under color of law, while employed by the Sheriff of Lumpkin County, Georgia.

5.

Defendant Ben Nix is subject to the jurisdiction and venue of this Court, and may be found at 385 E. Main, Dahlonega, Georgia, 30522. He is sued in his individual capacity for actions taken under color of law, while employed by the Sheriff of Lumpkin County, Georgia.

6.

Defendant Sterling Cole is subject to the jurisdiction and venue of this Court, and may be found at 385 E. Main, Dahlonega, Georgia, 30522. He is sued in his individual capacity for actions taken under color of law, while employed by the Sheriff of Lumpkin County, Georgia.

7.

Defendant Ryan Miller is subject to the jurisdiction and venue of this Court, and may be found 5210 Belfort Road, Suite 350, Jacksonville, Florida, 32256. He

is sued in his individual capacity for actions taken under color of law, while employed by the Sheriff of Lumpkin County, Georgia.

## FACTUAL ALLEGATIONS

8.

On Sunday, April 30 2006, at approximately 3:20 in the afternoon Plaintiff was traveling on Emory Stephens Road near his home. Traveling some distance behind Plaintiff was Deputy Sterling Cole, who was in uniform and on-duty with the Lumpkin County Sheriff's Department and in a marked patrol car at the time. Deputy Cole was traveling at a high rate of speed but did not have any emergency lights or audible signals activated, and Plaintiff did not see or know Deputy Cole was behind him.

9.

When he arrived home, Plaintiff got out of his truck and went to an outside shed on his property. Deputy Cole then pulled his official law enforcement vehicle onto Plaintiff's property on the grass. Deputy Cole saw Plaintiff in the shed and ordered him out at gunpoint.

10.

When Plaintiff came from the shed, he saw Deputy Cole pointing a handgun at him. Deputy Cole ordered Plaintiff to get on the ground, and when Plaintiff asked Deputy Cole why he was on his property, Deputy Cole refused to answer.

11.

Eventually several other members of the Lumpkin County Sheriff's Department arrived on the scene, including but not limited to Sheriff Mark McLure, Deputy Melvin Murphy, Sgt. Curt Donaldson, Deputy Jason Canupp, Deputy Shon Atkins, Captain Jason Stover, Lieutenant Ryan Miller, Investigator Ben Nix and Lieutenant Matthew Hester.

12.

When Sgt. Donaldson arrived on scene, he ordered Plaintiff to get onto his knees facing away from the officers, which Plaintiff did. Deputy Cole and Deputy Atkins then placed Plaintiff into handcuffs. Deputy Atkins then searched Plaintiff, finding no weapons on his person. Plaintiff was then placed, in handcuffs, into the back of Deputy Cole's law enforcement vehicle.

13.

While Plaintiff was handcuffed, in custody in the backseat of a Sheriff's patrol car, Sheriff Mark McClure and at least one of the other defendants illegally

broke into Plaintiff's home and conducted a lengthy search of the home utilizing several deputies. This entry and search of Plaintiff's home was without Plaintiff's consent, without a search warrant, without probable cause and without any exigent circumstances.

14.

Hours after the initial warrantless entry and search, at approximately 10:35 p.m., Investigator Ben Nix sought and obtained a warrant to search Plaintiff's residence. The application in support of this search warrant contained information known by one or more defendants', including but not limited to Deputy Sterling Cole, Lieutenant Ryan Miller and Sheriff Mark McClure, to be false.

15.

One or more of the above named defendants also entered and searched two of Plaintiff's automobiles, without warrant, without consent and without any exigent circumstance.

16.

Each of the named defendants participated in, aided and/or facilitated the illegal entry and search of Plaintiff's home and vehicles.

## COUNT ONE: STATEMENT OF ENTITLEMENT TO RELIEF

17.

Plaintiff hereby incorporates paragraphs 1-16 above. Based on the above, Plaintiff states that Defendants, acting under color of law, entered and searched his home without consent, without probable cause, without warrant, in the absence of exigent circumstances, and in violation of Plaintiff's clearly established right to be secure in his home and free from unreasonable searches under the Fourth Amendment to the U.S. Constitution.

## COUNT TWO: STATEMENT OF ENTITLEMENT TO RELIEF

18.

Plaintiff hereby incorporates paragraphs 1- 17 above. Based on the above, Plaintiff states that Defendants, acting under color of law, entered and searched his vehicles without consent, without probable cause, without warrant, in the absence of exigent circumstances, and in violation of Plaintiff's clearly established right to be secure in his affects and free from unreasonable searches under the Fourth Amendment to the U.S. Constitution.

## PRAYER FOR JUDGMENT & RELIEF

19.

For the reasons stated in paragraphs 1-18 above, Plaintiff seeks judgment under 42 U.S.C. §1983, against Defendants in their individual capacities, for actions taken under color of law and in violation of Plaintiff's clearly established right to be free from unreasonable search, as guaranteed by the Fourth Amendment to the U.S. Constitution.

WHEREFORE, on the basis of the above, Plaintiff Asher respectfully prays this Honorable Court:

(a) Assume jurisdiction over this action;

(b) Award nominal and compensatory damages against Defendants to Plaintiff in an amount subject to proof;

(c) Award special punitive damages against Defendants to Plaintiff according to law;

(d) Award reasonable attorney's fees, expenses and costs of litigation pursuant to 42 U.S.C. §1988 and other applicable law

(e) Award such other relief as this Honorable Court deems just and proper.

A JURY TRIAL IS REQUESTED.

Respectfully submitted this __15__ day of __February__, 2008.

Matt Karzen
Georgia Bar No. 408453

Matt Karzen, LLC
191 E. Broad St., Suite 311-A
Athens, GA 30601
Telephone 706-208-0663
Facsimile 706-208-8462
Attorney for Plaintiff