IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GEOFFREY ASHER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 2:08-CV-035-WCO |
| MARK McCLURE, Sheriff of : | |
| Lumpkin County, Georgia; : | |
| Sergeant Curt Donaldson; Lieutenant : | |
| Ryan Miller; Investigator Ben Nix; : | |
| Deputy Sterling Cole, of the : | |
| Lumpkin County Sheriff's : | |
| Department; in their individual : | |
| capacities, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the court for consideration of defendants' motion to stay [5-1].

I.   **Factual Background**

On April 30, 2006, members of the Lumpkin County Sheriff's Department conducted a warrantless search of plaintiff's home and vehicles. Although warrants that charged plaintiff with a number of crimes were issued a few days later, no indictment followed. Twenty-two months passed. On February 19, 2008, plaintiff filed this lawsuit under 42 U.S.C. § 1983, claiming that defendants

violated his Fourth Amendment rights during their 2006 search of his home and vehicles. After defendants answered the complaint, they moved in May 2008 to stay this action, insisting that plaintiff would soon be indicted (despite the two years of inactivity) and that this proceeding would then unduly interfere with the not-yet-commenced-but-soon-to-be-ongoing criminal proceedings in state court. Defendants' prediction–as to the indictment, not necessarily the interference–was realized on June 10, 2008, when a Grand Jury returned a seven-count indictment against plaintiff.

II.     **Discussion**

In *Younger v. Harris*, the Supreme Court held that absent extraordinary circumstances, federal courts should normally abstain from interfering with ongoing state criminal proceedings. 401 U.S. 37, 41 (1971). *Younger* applies if (i) there are pending state proceedings at the time of the federal action, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings provide an adequate opportunity to raise federal constitutional questions. *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002)

(citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).[1]

These criteria are satisfied here. First, state proceedings have been initiated and are ongoing. The fact that those proceedings occurred after–and perhaps were in response to–plaintiff's federal lawsuit is of no consequence. *See Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("[W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* apply in full force."); *see also For Your Eyes Alone*, 281 F.3d at 1217.[2]  Second, an ongoing criminal prosecution obviously implicates state interests. Third, *at this point*, the court agrees with defendants that plaintiff's criminal case provides him an adequate opportunity to pursue the constitutional question at the heart of this case.[3]

---

[1] Both *Younger* and *For Your Eyes Alone* involved requests for injunctive relief. This case does not. That distinction, however, is immaterial. The Eleventh Circuit has applied *Younger* abstention to damages actions. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1986).

[2] There have been no proceedings of substance in this case. The parties have neither pursued discovery nor, with the exception of the motion to stay, asked this court to resolve any substantive disputes.

[3] This court will not allow state courts or state prosecutors to unreasonably delay the vindication of federal constitutional rights. It took state authorities two years to indict plaintiff. If the state court assigns plaintiff's criminal case the same priority that the district attorney has, this court will not hesitate to revisit its conclusion that plaintiff possesses "an adequate opportunity" to raise his constitutional question in the state court proceedings.

For these reasons, this is an appropriate case for abstention.  *See Doby*, 758 F.2d at 1406 (holding in § 1983 action challenging the legality of a search that federal abstention was "proper" until the state appellate court decided the relevant Fourth Amendment issues in connection with its consideration of the federal plaintiff's appeal of his state court conviction).  Principles of comity and judicial economy favor the court's staying this case until plaintiff's criminal case has concluded.  Therefore, defendants' motion to stay [5-1] is hereby **GRANTED**.  Plaintiff is hereby **DIRECTED** to update the court every ninety (90) days with the status of the underlying state prosecution.  As explained in footnote 3, this order is subject to reconsideration.

IT IS SO ORDERED, this 16th day of July, 2008.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge