IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GEOFFREY ASHER, : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| MARK MCCLURE, Sheriff of : | FILE NO. 2:08-CV-35 |
| Lumpkin County, Georgia; : | |
| SERGEANT CURT DONALDSON; : | |
| LIEUTENANT RYAN MILLER; : | |
| INVESTIGATOR BEN NIX; : | |
| DEPUTY STERLING COLE, of the : | |
| Lumpkin County Sheriff's : | |
| Department; in their individual : | |
| capacities, : | |
| : | |
|     Defendants. : | |

## **ORDER**

The captioned case is before the court for consideration of plaintiff's motion to lift the stay imposed by the court on July 16, 2008 [18-1].

This case arises out of a warrantless search of plaintiff's home and vehicles by members of the Lumpkin County Sheriff's Department. On February 19, 2008, twenty-two months after warrants charging plaintiff with a number of crimes were issued, plaintiff filed this lawsuit under 42 U.S.C. § 1983. On May 2, 2008, defendants moved to stay this action, insisting that plaintiff would soon be

indicted in state court, which he was on June 10, 2008. On July 16, 2008, this court granted defendants' motion to stay the proceedings, noting that *Younger* abstention is required where, as here, (i) there are pending state proceedings at the time of the federal action; (ii) the state proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal constitutional questions. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). The court also directed plaintiff to update the court every ninety (90) days with the status of the underlying state prosecution and noted that it would not hesitate to revisit its decision at a later date.

On October 29, 2008, plaintiff filed a status update with the court regarding the state case and moved the court to lift the stay, arguing that due to the unreasonable delay in state court proceedings and the possibility that the primary defendant in this action might leave the country for employment reasons, plaintiff's opportunity to pursue the constitutional question at issue will be compromised. Defendants maintain that the state prosecution is proceeding in a timely manner and that plaintiff's accusations regarding the possibility of Sheriff McClure leaving the country are without evidentiary support and, regardless, would not support the dissolution of the stay.

The court agrees with defendant that lifting the stay at this time would be premature. Plaintiff was arraigned, entered a plea of not guilty, and filed a motion to suppress in Lumpkin County Superior Court on July 23, 2008. Plaintiff's motion to suppress was scheduled for a hearing on November 25, 2008, and the delay in scheduling was at least partially due to conflicts of plaintiff's counsel and request for a continuance. The case also appears on the January 26, 2008 Lumpkin County Superior Court trial calendar. Furthermore, plaintiff has tendered no evidence demonstrating Sheriff McClure's future unavailability, and the court declines to base its decisions on mere speculation.

Based on the foregoing, plaintiff's motion to lift the stay imposed by the court on July 16, 2008 [18-1] is hereby **DENIED**. Plaintiff is hereby **DIRECTED** to continue providing the court status updates regarding the underlying state prosecution every ninety (90) days.

IT IS SO ORDERED, this 17th day of December, 2008.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge