IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| Geoffrey Asher, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs., | ) | CIVIL ACTION |
| | ) | FILE NO. 2:08-CV-0035-WCO |
| Sterling Cole, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTION TO DEFENDANT COLE'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

COMES NOW Geoffrey Asher, Plaintiff, and hereby objects to Defendant Cole's Motion for Attorney's Fees and Expenses.

As grounds therefore, Plaintiff states as follows:

### POSTURE OF THE CASE

Defendant Cole was one of five original defendants in this action, which was filed on February 19, 2008. Docket Record, document #1, "Complaint". On May

1

2, 2008, the defense moved for this matter to be stayed pending the resolution of a related criminal case, and plaintiff objected to this request. Docket Record, document 5 ("Defendant's Joint Motion to Stay"), and document 6 ("Plaintiff's Objection to Defendant's Joint Motion to Stay"). On July 16, 2008 the matter was stayed, and remained so until April 17, 2009. Docket Record, documents 16 ("Order" granting defense motion to stay) and 26 ("Order" lifting stay).

On October 19, 2009, defendants moved for summary judgment, and on November 9, 2009, plaintiff filed his objection. Docket Record, documents 40 ("Defendants' Motion for Summary Judgment") and 45 ("Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment"). On July 12, 2010, the Court denied the defendants' motion for summary judgment, and on August 10, 2010, all defendants', including defendant Cole, filed notice of appeal regarding that ruling. Docket Record, documents 52 ("Order" denying summary judgment as to all defendants), and 56 ("Defendants' Amended Notice of Appeal").

On May 20, 2011, the Eleventh Circuit Court of Appeals affirmed the denial of defendants' motion for summary judgment. Docket Record, document 68, ("Judgment").

Jury trial commenced on August 1, 2011, and concluded on August 4, 2011. Prior to submitting the case to the jury on August 4, at the close of all the evidence,

2

Defendants Cole, McClure and Miller moved for a judgment as a matter of law. As to defendants McClure and Miller, the motion was denied, and as to defendant Cole, it was granted . See notation of Oral Order, Docket Record.

## ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. 1988

The express purpose of 42 U.S.C. 1988 is to ensure that federally protected rights are adequately enforced through effective access to the judicial process. Perdue v. Kenny A., 130 S. Ct. 1662, 1671 (2010); Hensley v. Eckerhart, 103 S. Ct. 1933, 1937 (1983). It is a fee shifting statute intended to assist civil rights "plaintiffs" in securing secure adequate legal representation. Kenny A., 103 S. Ct. at 1677 n. 8. The statute was designed to achieve this result by providing competent plaintiffs' attorneys incentive to pursue vindication of a citizen's civil rights, even on behalf of clients with limited means, Kenny A., 130 S. Ct. at 1676, and the statute "manifests a finely balanced congressional purpose to provide plaintiffs asserting specified federal rights with 'fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys'". Hensley v. Eckerhart, 103 S. Ct. 1933, 1944-45 (1983).

As the authority above makes clear, 42 U.S.C. 1988 is intended to provide prevailing *plaintiffs* with reasonable attorney's fees. It is not intended to provide attorneys choosing to accept compensated legal work to *defend* such actions with a guarantee that the entity/defendant paying their fee will be reimbursed if they

3

prevail. Because 42 U.S.C. 1988 is not intended to provide the relief sought by defendant in his motion, the motion should be denied.

Additionally, in order to even make a claim for attorney's fees and expenses, Defendant Cole would be required, at a minimum, to establish that the action against him was "vexatious, frivolous, or brought to harass or embarrass the defendant". <u>Hensley v. Eckerhart</u>, 103 S. Ct. at 1937, n. 2. As is appropriate on the facts and procedural history of this matter, Defendant Cole does not even make that allegation, nor provide any evidence suggesting such was the case. Indeed, given the interrelationship of the conduct of all named defendants, the commonality of the legal issues applicable to each, this Court's denial of Defendant Cole's motion for summary judgment and the Eleventh Circuit's affirmation of that denial, such an allegation would be entirely without merit.

WHERFORE, plaintiff hereby objects to Defendant Cole's Motion and moves this Honorable Court DENY Defendant Cole's Motion for Attorney's Fees and Expenses.

/s/ Matt Karzen

Ga. Bar No. 408453, Attorney for Plaintiff

Matt Karzen, LLC

320 E. Clayton St. Suite 502, Athens, GA 30601

Telephone: 706-208-0663

Email: karzenlaw@gmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2011, I electronically filed Plaintiff's Objection to Defendant Cole's Motion for Attorney's Fees and Expenses with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Jason Waymire

Terry Williams

/s/ Matt Karzen

Ga. Bar No. 408453, Attorney for Plaintiff

Matt Karzen, LLC

320 E. Clayton St. Suite 502, Athens, GA 30601

Telephone: 706-208-0663

Email: karzenlaw@gmail.com