IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GEOFFREY ASHER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
|  | : NO. 2:08-CV-0035-WCO |
| SHERIFF MARK McCLURE, SGT. CURT DONALDSON, LT. RYAN MILLER, INV. BEN NIX, DEP. STERLING COLE, in their Individual Capacities, | : |
| Defendants. | : |

## **ORDER**

The captioned case is before the court for consideration of defendant Sterling Cole's "Motion for Attorney's Fees and Expenses" [94].

Geoffrey Asher initially filed this case against defendant Sterling Cole and other members of the Lumpkin County Police Department alleging violations of his Fourth Amendment rights. After extensive pretrial proceedings that involved a denial of defendants' motion for summary judgment on qualified immunity grounds and an interlocutory appeal to the Eleventh Circuit, the case was tried to a jury. During trial, the court granted defendant Cole's motion for summary judgment based on qualified immunity.

After trial, on August 22, 2011, defendant Cole filed this motion seeking an award of reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988. Defendant estimated that his attorney's fees and expenses amounted to approximately $15,000.00. In his motion, defendant promised to separately file additional supporting materials pursuant to Local Rule 54.2(A)(2).

When a final judgment does not determine the amount of attorney's fees which are authorized by federal statute on behalf of a prevailing party, the local rules of this court set forth a specific procedure for obtaining those fees. *See* LR 54.2, NDGa. The final judgment dismissing defendant Cole from this action did not specify an award of attorney's fees and therefore he was required to comply with this procedure to obtain any fee award. The rules require a fee applicant in this position to (1) file a special motion addressed to the court; (2) specify the judgment and the statute or other grounds on the basis of which entitlement to the award is claimed and a fair estimate of the approximate amount of fees and expenses sought; (3) within 30 days of filing such motion, file and serve "a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." LR 54.2(A)(1)-(3), NDGa.

Defendant never filed this "detailed specification and itemization of the requested [fee] award." More than 30 days have elapsed since the initial motion was

filed. Therefore, pretermitting any consideration of whether defendant Cole is in fact a prevailing party and whether he is entitled to fees, he has failed to comply with the requirements of the local rules. His fee request will be denied on that basis.

For the foregoing reasons, defendant Sterling Cole's "Motion for Attorney's Fees and Expenses" [94] is hereby **DENIED**.

**IT IS SO ORDERED**, this 8th day of November, 2011.

                                      s/*William C. O'Kelley*
                                      WILLIAM C. O'KELLEY
                                      Senior United States District Judge